IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROY LEE KINNEY, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | NO. 4:14-CV-285-A |
| | § | |
| JOE SHANNON, JR., CRIMINAL DISTRICT ATTORNEY FOR TARRANT COUNTY, ET AL., | § § § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION
and
ORDER

Plaintiff, Roy Lee Kinney, a prisoner in a facility with the Texas Department of Criminal Justice, filed a <u>pro se</u> complaint under 42 U.S.C. § 1983, along with a document titled "Motion for a Preliminary Injunction," ("Motion"), naming as defendants Joe Shannon, Jr., Criminal District Attorney for Tarrant County; Fort Worth Police Department Forensics Division; John Peter Smith Hospital ("Hospital"); and, Members of the Prosecutorial Team.[1] Because Fort Worth Police Department Forensics Division is not an entity capable of being sued, the court is substituting City of Fort Worth ("City") as the proper defendant. See Darby v.

---

[1] "Members of Prosecutorial Team" ("Members") are not named as defendants on the form complaint pursuant to 42 U.S.C. § 1983 filed by plaintiff, but appear only on the Motion for Preliminary Injunction. To the extent that Members, or any of the defendants, do not have custody of the evidence the subject of the complaint, they would likely not be proper defendants in this action. See Emerson v. Thaler, 544 F. App'x 325, 328 n.2 (5th Cir. 2013) (per curiam). Nevertheless, because the court is dismissing the complaint in its entirety, it need not resolve that issue.

Pasadena Police Dep't, 939 F.2d 311, 313-14 (5th Cir. 1991). Having now considered the complaint and the Motion, as well as the applicable legal authorities, the court concludes that this action should be dismissed in its entirety.

I.

The Complaint

The Motion alleged the following:

In August 1984, plaintiff was convicted of aggravated sexual assault and sentenced to ninety-nine years imprisonment. The victim in plaintiff's criminal case was Kathy Nugent ("Nugent"). Nugent testified at plaintiff's criminal trial that after the alleged assault she went to Hospital for an examination. The motion outlines the procedures the doctor was to have followed to perform an exam following a sexual assault, as well as the steps that would have been taken by City's police department to secure biological specimens and other evidence obtained during the exam.

In 2001, the Texas legislature passed article 64 of the Texas Code of Criminal Procedure, which provides for post-conviction testing of DNA under certain circumstances. On February 1, 2002, pursuant to article 64, plaintiff sought post-conviction DNA testing of any biological evidence in the State's possession. The court appointed counsel for plaintiff in 2005, and counsel obtained an order from the trial court requiring

custodians of records to search for DNA evidence and report their findings. Hospital provided an affidavit indicating it had no responsive evidence. Likewise, City's police department provided two affidavits indicating that the "current disposition of the evidence [was] unknown." Mot., Ex. at 2, 4.[2] Plaintiff contends that the trial court denied his article 64 motion on the grounds that no evidence existed that was in a condition making DNA testing possible. Plaintiff appealed the trial court's denial of his motion; the court of appeals affirmed, and the Texas Court of Criminal Appeals refused the petition for review.

In the instant complaint and Motion, plaintiff alleged that the defendants denied his right of access to the court, and deprived him of his liberty interest in utilizing state procedures in violation of the due process clause.

## II.

### Screening Under 28 U.S.C. § 1915A

As a prisoner seeking redress from government officials, plaintiff's motion is subject to preliminary screening under 28 U.S.C. § 1915A, regardless of whether he is proceeding *in forma pauperis*. See Martin v. Scott, 156 F.3d 578, 579-80 (5th Cir.

---

[2] The two affidavits indicating that the disposition of the evidence was unknown were signed in 2003 and 2009. A third police department affidavit, signed in 2002, stated that such evidence was never in the department's possession.

3

1998). Section 1915A(b)(1) provides for <u>sua sponte</u> dismissal if the court finds that the complaint is either frivolous or fails to state a claim upon which relief may be granted. A claim is frivolous if it "lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief can be granted when, assuming that all the allegations in the complaint are true even if doubtful in fact, such allegations fail to raise a right to relief above the speculative level. <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal quotation marks and citations omitted).

III.

<u>Analysis</u>

A. <u>Plaintiff Is Entitled to No Relief</u>

To state a claim under § 1983, plaintiff must allege a violation of a constitutional right, committed by a person acting under color of state law. <u>Sw. Bell Tel., LP v. City of Houston</u>, 529 F.3d 257, 260 (5th Cir. 2008). Although the Supreme Court has recognized that "a postconviction claim for DNA testing is properly pursued in a § 1983 action," <u>Skinner v. Switzer</u>, ___ U.S. ___, 131 S.Ct. 1289, 1293 (2011), the Court did not establish standards for considering the merits of such a claim. <u>Emerson v. Thaler</u>, 544 F. App'x 325, 328 (per curiam) (citing

4

Skinner, ___ U.S. ___, 131 S.Ct. at 1298-99, 1300). However, where a state has created a right to post-conviction DNA testing, as Texas has through article 64, "the state provided procedures must be adequate to protect the substantive rights provided." Elam v. Lykos, 470 F. App'x 275, 276 (5th Cir. 2012) (per curiam) (citing Skinner, ___ U.S. ___, 131 S.Ct. at 1293, and Dist. Attorney's Office for Third Judicial Dist. v. Osborne, 557 U.S. 52, 67-69 (2009)). Hence, the question here is whether the defendants unconstitutionally denied plaintiff the right to post-conviction testing of DNA evidence. Harris v. Lykos, No. 12-20160, 2013 WL 1223837, *1 (5th Cir. Mar. 27, 2013) (per curiam) (citing Skinner, ___ U.S. ___, 131 S. Ct. at 1293). "Federal courts may upset a State's postconviction relief procedures only if they are fundamentally inadequate to vindicate the substantive rights provided." Osborne, 557 U.S. at 69.

The post-conviction procedures at issue here are found in article 64 of the Texas Code of Criminal Procedure. Article 64 permits a convicted defendant to seek DNA testing of evidence that was "secured in relation to the offense that is the basis of the challenged conviction and was in possession of the state during the trial of the offense." Tex. Code Crim. Proc. art. 64.01(b).

5

To obtain relief under article 64, a "convicted person" must file a motion in the "convicting court" for "forensic DNA testing of evidence containing biological material." Id. at (a-1). The convicting court may not grant the motion unless it finds all of the following: the evidence "still exists and is in a condition making DNA testing possible;" the evidence has been protected from tampering or alteration through an appropriate chain of custody; and, identity "was or is" at issue in the case. Id. at art. 64.03(a)(1)(A)-(B). Additionally, the moving defendant bears the burden to establish by a preponderance of the evidence that, inter alia, "the person would not have been convicted if exculpatory results had been obtained through DNA testing." Id. at (a)(2)(A).

Plaintiff maintains that the convicting court denied his motion because there was no evidence that existed in a condition that made DNA testing possible, as set forth in the affidavits submitted by Hospital and City's police department. In the instant action, plaintiff takes issue with those affidavits, claiming that they are false and were fabricated to conceal the whereabouts of the biological evidence. Absent from the motion, however, is anything other than plaintiff's speculation to support his claim as to the affidavits' falsity.

For example, plaintiff points to discrepancies between the affidavit offered by City's police department in 2002, and the ones offered in 2003 and 2009, noting that the 2002 affidavit states the department was never in possession of the evidence, while the subsequent affidavits indicate it was in the department's possession but its disposition was unknown. Attachments to the Motion, however, show that the State did not rely on the 2002 affidavit in support of its response to plaintiff's motion under article 64, and in any event, all of the affidavits establish that City is unable now to locate the evidence, if it ever was in the police department's possession. Although plaintiff insists that the statements in the affidavits are false or fabricated, nothing is provided in the Motion or complaint to support that contention.

Even if the court were to accept the contention that the affidavits are false, it would not change the outcome, as the motion fails to address the other factors required to obtain relief under art. 64. For example, plaintiff does not allege that "identity was or is" an issue in his criminal case, or that he raised that issue in the convicting court. Tex. Code Crim. Proc. art. 64.03(a)(1)(B). Nor does plaintiff allege or attempt to establish that he would not have been convicted if DNA testing had yielded exculpatory results, as the statute requires. Id. at

7

(a)(2)(A). Again, plaintiff does not indicate that he ever raised this issue in the convicting court. Thus, to the extent plaintiff failed to establish all of the things required by the statute to obtain post-conviction DNA testing, he cannot complain of the inadequacy of the State's procedures.

Summed up, plaintiff has failed to allege facts to show that the procedures established by article 64 are "fundamentally inadequate to vindicate the substantive rights provided." Osborne, 557 U.S. at 69.

B.  **Failure to Identify Relief Sought by the Motion**

Plaintiff's Motion, filed along with his § 1983 complaint, is titled as one seeking a preliminary injunction. The relief sought by the complaint is for the court to grant the motion for injunctive relief. According to Black's Law Dictionary, 5th Edition, an injunction is a 'prohibitive, equitable remedy . . . forbidding [a party] to do some act . . . which he is threatening, attempting to commit, or restraining him in the continuance thereof, . . ." Moore v. State Farm Mut. Auto Ins. Co., 205 F. App'x. 218, 220-221 (5th Cir. 2006). Hence, the order granting injunctive relief must specify "the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C).

Despite a diligent review of the Motion, the court cannot reasonably ascertain the act or acts which plaintiff wishes the

8

court to restrain or require. Although plaintiff asks that the court grant him injunctive relief, no indication is given in the complaint or the Motion as to what such relief would entail. Accordingly, the court is unable to grant any injunctive relief, and the Motion is denied.

IV.

Order

Therefore,

The court ORDERS that all claims and causes of action asserted by plaintiff, Roy Lee Kinney, against defendants, Joe Shannon, Jr., City, Hospital, and Members of the Prosecutorial Team, be, and are hereby, dismissed with prejudice pursuant to the authority of 28 U.S.C. § 1915A(b)(1).

SIGNED July 11, 2014.

_____
JOHN McBRYDE
United States District Judge